IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03345-RM -KLM

EUGENE H. MATHISON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
CHRISTOPHER WILSON, D.O.,
RONALD CAMACHO, P.A., M.L.P.,
MARK KELLAR, R.N., HEALTH SERVICES ADMIN.,
D. ALLRED, D.O., CLINICAL DIRECTOR,
GEORGE SANTINI, M.D., and
FIVE JOHN/JANE DOES,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Default Judgment Pursuant to Fed. R. Civil Procedure 55** [#13][1] (the "Motion").  No response has been filed.  In the Motion, Plaintiff asks the Court to enter default judgment against all Defendants pursuant to Fed. R. Civ. P. 55. *Motio*n [#13] at 1-2.

    "[Federal] Rule [of Civil Procedure] 55 mandates a two-step process for a party who seeks a default judgment in his favor." *Williams v. Smithson*, 57 F.3d 1081, at *1 (10th Cir. June 20, 1995) (unpublished table decision); *U.S. Commodity Futures Trading Com'n v. Trimble*, Civil Action No. 11-cv-02887-PAB-KMT, 2013 WL 317576, at *1 (D. Colo. Jan. 28, 2013).  First, the party seeking a default judgment must request an entry of default from the Clerk of the Court under Fed. R. Civ. P. 55(a).  *Id.*  After default has been entered by the Clerk, the party may seek default judgment pursuant to Fed. R. Civ. P. 55(b).  *Id.*  Here, Plaintiff never sought entry of default pursuant to Fed. R. Civ. P. 55(a).  The Motion is subject to denial on this basis alone.

---

[1] "[#13]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Minute Order.

1

However, the Court also notes that pursuant to Fed. R. Civ. P. 55, default judgment can only be sought against a party that "has failed to plead or otherwise defend" the lawsuit. Fed. R. Civ. P. 55(a). In this case, Defendant United States timely filed its Motion to Dismiss for Failure to File a Certificate of Review [#11]. Accordingly, Plaintiff cannot seek entry of default as to that Defendant. Proof of service as to the remaining Defendants has not been filed on the docket. Therefore, the Motion is premature as to those Defendants.

IT IS HEREBY **ORDERED** that the Motion [#13] is **DENIED**[2] to the extent it seeks default judgment against Defendant United States.

IT IS FURTHER **ORDERED** that the Motion [#13] is **DENIED without prejudice** to the extent is seeks default judgment as to all other Defendants.

IT IS FURTHER **ORDERED** that the United States Marshal's Service shall serve the Summons and Complaint [#1] on Defendants Wilson, Camacho, Kellar, Allred, and Santini or, in the alternative, if service is not possible, file proof of inability to serve these Defendants on the docket on or before **March 19, 2015**.

Dated: February 19, 2015

---

[2] The Court may rule on a pending motion at any time. D.C.COLO.LCivR 7.1(d).