IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03345-RM-KLM

EUGENE H. MATHISON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
CHRISTOPHER WILSON, D.O.,
RONALD CAMACHO, P.A., M.L.P.,
MARK KELLAR, R.N., HEALTH SERVICES ADMIN.,
D. ALLRED, D.O., CLINICAL DIRECTOR,
GEORGE SANTINI, M.D., and
FIVE JOHN/JANE DOES,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion Pursuant to Fed. R. Civ. P. 7 for the Court to Order Plaintiff to Reply to Defendants' Answer** [#47][1] (the "Reply Motion"); Plaintiff's **Motion Pursuant to Fed. R. Civ. P. 20(a)(1)(A) and (B) to Allow Joinder of Party Harmed Arising Out of the Same Occurance [sic]** [#49] (the "Joinder Motion"); and Plaintiff's **Motion to Appear by Telephone for July 2, 2015 Scheduling Conference** [#50] (the "Appearance Motion"). As an initial matter, none of the motions comply with D.C.COLO.LCivR 7.1(a), which requires that

> Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty.

---

[1] "[#47]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

D.C.COLO.LCivR 7.1(a). The Court must liberally construe pro se filings; however, pro se status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). While D.C.COLO.LCivR 7.1(b)(1) excepts motions filed in cases involving unrepresented prisoners, Plaintiff was not a prisoner at any time during this litigation. As noted in the Complaint, he was a prisoner from November 7, 2006 until January 8, 2013. *Compl.* [#1] ¶ 5. As a result, none of the exceptions listed in D.C.COLO.LCivR 7.1(b) apply to the Motions. Further, Plaintiff previously filed his Unopposed Motion to Amend Plaintiff's Certificate of Review [#18] which shows that he is aware of this rule and understands that it applies to him. The Court, therefore, **denies without prejudice** the Joinder Motion [#49]. In the interest of expedience, the Court addresses the remaining two motions as discussed below.

In the Reply Motion, Plaintiff notes that two Answers have been filed in this case. *Reply Motion* [#47] at 1. One was filed on behalf of Defendant United States of America. *See generally United States' Answer* [#44]. The second was filed on behalf of Defendants Wilson, Camacho, Kellar, Allred, and Santini. *See generally Defendants Wilson, Camacho, Kellar, Allred, and Santini's Answer to Plaintiff's Prisoner Complaint* [#45]. As a result, Plaintiff requests permission to "file a reply to Mr. Pestal's Answer . . . ." *Reply Motion* [#47] at 1. The Federal Rules of Civil Procedure do not allow for a response to an Answer to be filed. Further, there is nothing inappropriate about different Defendants filing separate answers, even if they are represented by the same attorney. Accordingly, because there is no legal basis for the requested relief, the Reply Motion [#47] is **denied**.

In the Appearance Motion [#50], Plaintiff requests permission to appear at the July 2, 2015 Scheduling Conference by telephone. *Appearance Motion* [#50] at 1. Plaintiff currently resides in South Dakota and, as noted in the Appearance Motion, "he has limited funds for travel." *Id.* The Court finds this to be good cause to allow Plaintiff to appear at the Scheduling Conference by telephone. Accordingly, the Court **grants** the Appearance Motion [#50].

For the reasons stated above,

IT IS HEREBY **ORDERED** that the Joinder Motion [#49] is **DENIED without prejudice**.

IT IS FURTHER **ORDERED** that the Reply Motion [#47] is **DENIED**.

IT IS FURTHER **ORDERED** that the Appearance Motion [#50] is **GRANTED**. Plaintiff may appear by telephone at the Scheduling Conference on July 2, 2015 at 11:00 a.m. by dialing the Court at **303-335-2770**. If any other parties are granted leave to appear

telephonically, these parties must initiate a conference call between themselves and Plaintiff before dialing the Court.

Dated: May 11, 2015