IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03345-RM-KLM

EUGENE H. MATHISON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
CHRISTOPHER WILSON, D.O.,
RONALD CAMACHO, P.A., M.L.P.,
MARK KELLAR, R.N., HEALTH SERVICES ADMIN.,
D. ALLRED, D.O., CLINICAL DIRECTOR,
GEORGE SANTINI, M.D., and
FIVE JOHN/JANE DOES,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Notice of Bankruptcy Filing** [#73][1] (the "Notice"). The Notice informs the Court that Plaintiff filed a Chapter 7 bankruptcy petition on August 24, 2015. *Notice* [#73] at 1. As a result, this case is stayed pursuant to 11 U.S.C. § 362.

    The duration of the stay that will be required in this case is presently unclear. This Court routinely administratively closes cases pursuant to D.C.COLO.LCivR 41.2 when a case would otherwise be stayed for an indefinite period of time. *See, e.g., Mauchlin v.*

---

[1] "[#73]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order and Recommendation.

1

*Zhon*, No. 12-cv-01449-RM-BNB, 2015 WL 479042, at *1 (D. Colo. Feb. 3, 2015) (administratively closing case "subject to reopening for good cause subsequent to Plaintiff's vision problems being addressed"); *San Juan Cable LLC v. DISH Network LLC*, No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *1 (D. Colo. Jan. 23, 2015) (administratively closing case "to be reopened only if the U.S. District Court for the District of Puerto Rico refers a related enforcement matter to this Court"); *Workalemahu v. Heritage Club*, No. 14-cv-02396-RM-MEH, 2015 WL 293261, at *1 (D. Colo. Jan. 21, 2015) (administratively closing case pending arbitration).

The Tenth Circuit has construed an administrative closure to be "the practical equivalent of a stay." *Quinn*, 828 F.2d at 1465 n.2 (10th Cir.1987). In *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389 (1st Cir. 1999), the First Circuit explained the nature of administrative closure as follows:

> Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication. The method is used in various districts throughout the nation in order to shelve pending, but dormant, cases.

*Id.* at 392 (internal citations and quotation marks omitted). The First Circuit further explained that "an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository [and] . . . d[oes] not terminate the underlying case, but, rather, place[s] it in inactive status until such time as the judge, in his discretion or at the request of a party, cho[o]se[s] either to reactivate it or to dispose of it with finality." *Id.*

In this case, the Court finds that administrative closure is appropriate because it is unclear how long it will be before the bankruptcy case is adjudicated. Therefore, the Court

**recommends** that the case be administratively closed pursuant to D.C.COLO.LCivR 41.2.

For the reasons stated above,

IT IS HEREBY **ORDERED** that this case is **STAYED** pending further order of the Court.

IT IS RESPECTFULLY **RECOMMENDED** that this case be administratively closed pursuant to D.C.COLO.LCivR 41.2.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: December 29, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge