**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 14-cv-03345-RM-KLM

EUGENE H. MATHISON,

      Plaintiff,

v.

UNITED STATES OF AMERICA,
CHRISTOPHER WILSON, D.O.,
RONALD CAMACHO, P.A., M.L.P.,
MARK KELLAR, R.N., HEALTH SERVICES ADMIN.,
D. ALLRED, D.O., CLINICAL DIRECTOR,
GEORGE SANTINI, M.D., and
FIVE JOHN/JANE DOES,

      Defendants.

---

## ORDER

---

This matter is before the Court on the following matters (collectively, "Papers"):

(1) Plaintiff's Unopposed Motion to Dismiss Defendant United States (the "Unopposed
Motion") (ECF No. 71);

(2) Order and Recommendation of Magistrate Judge (the "Recommendation") (ECF No.
74), recommending this case be administratively closed in light of Plaintiff's
bankruptcy filing;

(3) Plaintiff's Motion to Recuse Magistrate Mix (the "Motion") (ECF No. 76), because
she recommended administrative closure;

(4) Plaintiff's Objections to Magistrate Mix's Recommendation to Administratively
Close Case (the "Objection") (ECF No. 77);

(5) Plaintiff's Supplement to Objections to Magistrate Mix's Recommendation to Administratively Close Case (the "Supplement") (ECF No. 78), advising his Objection is moot as Plaintiff's Bankruptcy Trustee was abandoning from the bankruptcy estate Plaintiff's action before this Court; and

(6) Plaintiff's Status Report Pursuant to Minute Order of 2/10/16 (the "Status Report") (ECF No. 82), filed pursuant to 28 U.S.C. § 1746, advising the Court that any claim to the proceeds of this action has been abandoned by the Bankruptcy Trustee and Bankruptcy Court.

The Court has reviewed each of the Papers and finds they are ripe for consideration.

## A.   The Unopposed Motion

Starting with Plaintiff's Unopposed Motion, Plaintiff cites no rule upon which the motion is based. Nonetheless, Plaintiff proceeds *pro se*; therefore, the Court reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

There is uncertainty in the Tenth Circuit whether Fed. R. Civ. P. 21 or 41 applies to the dismissal of a party from an action involving more than one defendant. *See Van Leeuwen v. Bank of Am., N.A.*, 304 F.R.D. 691, 692–97 (D. Utah 2015); *see also Gobbo Farms & Orchards v. Pool Chem. Co.*, 81 F.3d 122, 123 (10th Cir. 1996) (Rule 41 "speaks of dismissal of an action, not just a claim within an action. [Plaintiff] offers no authority, and we have found none, to support its contention that Rule 41(a) applies to dismissal of less than all claims in an action."). Moreover, pursuant to Rule 15, dismissal of a party may be had by an amendment of the complaint. Regardless, the Court agrees that, in most instances (such as the Unopposed Motion at issue), it is immaterial whether it acts under Rule 21 or 41. 9 Charles Alan Wright et al.,

2

*Federal Practice and Procedure* § 2362 (3d ed. 2008).  Accordingly, Plaintiff's Unopposed

Motion is granted.[1]

### B.  The Recommendation, Objection, Supplement, and Status Report

The Magistrate Judge's Recommendation to administratively close this case was based

on Plaintiff's bankruptcy filing and the resulting uncertainty of when this case may proceed in

light of the bankruptcy stay.  Plaintiff's Objection is based on such recommendation.  Plaintiff

has now represented to the Court that the Bankruptcy Trustee has abandoned this action as

property of the bankruptcy estate, in accordance with the Notice of Abandonment.  In his

Supplement and Status Report, Plaintiff states the Bankruptcy Trustee's abandonment of this

action – thereby allowing this action to proceed – renders the Recommendation and Objection

moot.  That is true as it relates to the issue of whether this case may proceed.  That is not true,

however, as to the propriety of the Magistrate Judge's recommendation in the first instance as

Plaintiff's Motion to Recuse relies on such recommendation.  As addressed below, neither the

Recommendation nor any other contention made by Plaintiff provides support for concluding the

Magistrate Judge was biased against Plaintiff.

### C.  The Motion to Recuse

The last matter for the Court's resolution is Plaintiff's Motion to Recuse based on

allegations of bias/partiality because the Magistrate Judge recommended administrative closure

of this case and because of her alleged actions in another case.  Plaintiff's Supplement states that

although the Recommendation is moot, he "still maintains" the Magistrate Judge's alleged bias

and partiality toward Defendants "bar[] her from further involvement" in this case.  (ECF No.

---

[1] Plaintiff did not identify whether the dismissal was with or without prejudice.  As Plaintiff proceeds *pro se*, the Court assumes it is without prejudice.

78.)  The Court has examined Plaintiff's contentions carefully, and finds no support for the recusal of the Magistrate Judge.

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."   The purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the appearance of impropriety.  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).  Similarly, under § 455(b)(1), a judge or magistrate judge should also be disqualified if he or she has a personal bias or prejudice concerning a party.  A judge's duty to recuse is continuing – it exists "before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient *factual grounds* exist to cause an objective observer reasonably to question the judge's impartiality."  *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993) (emphasis added).

Under this statute, the judge must recuse when there is the appearance of bias, regardless of whether there is actual bias.  *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).  The test is "whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality."  *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995) (quotation omitted); *Cooley,* 1 F.3d at 993; *Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001).  The standard is purely objective.  *See Nichols,* 71 F.3d at 350; *Cooley,* 1 F.3d at 993; *Scott v. Rubio*, 516 F. App'x 718, 722 (10th Cir. 2013) (unpublished).  Factors that do *not* merit disqualification include prior rulings that were adverse to the moving party in this proceeding, or in another proceeding, solely because they were adverse, *see, e.g., Estate of Bishop,* 256 F.3d at 1058, *Fitzgerald v. Zenon*, 136 F. App'x 209, 211 (10th Cir. 2005) (unpublished); adverse rulings against another party in another proceeding

where there is no evidence to support the moving party's contentions of bias in this proceeding, *see Wasko v. Moore,* 122 F. App'x 403, 407 (10th Cir. 2005) (unpublished) (recusal denied where there was no evidence to support movant's contention that judge entered orders adverse to movant's acquaintance in another case, so the judge took movant's case to ensure an outcome adverse to him as well); or the judge's knowledge about a party from the judge's participation in a separate case, *Fitzgerald*, 136 F. App'x at 211.

Here, Plaintiff's reliance on the Magistrate Judge's alleged actions in another case relating to another party – in which Plaintiff is not a party – to support bias in this case is unavailing. First, because the Court has already ruled in the other case that there is no basis to recuse the Magistrate Judge based on the actions alleged. *Patterson v. Santini,* No. 11-cv-01899-RM-KLM, 2016 WL 363783 (D. Colo. Jan. 29, 2016) (unpublished). And, secondly, because there is no showing of any actions in the other case to support the claim that the Magistrate Judge is biased or partial in *this* case and against *this* Plaintiff.

Similarly, the Recommendation to administratively close this case shows no bias or partiality against Plaintiff. On the contrary, the Court finds on *de novo* review of the recommendation that it is factually, procedurally, and legally correct. Here, factually, Plaintiff filed bankruptcy, thereby triggering the automatic stay of this action for an indefinite period of time. There is no requirement that the Bankruptcy Trustee be notified of the stay or recommended closure, as a purported "interested party" or otherwise. The Bankruptcy Trustee's actions are a confirmation of this fact, *e.g.*, the Bankruptcy Trustee advised *Plaintiff* to notify the Court of her – the Bankruptcy Trustee's – intent to abandon and subsequent abandonment of this action.

Procedurally, and legally, pursuant to D.C.COLO.LCivR 41.2, in light of the bankruptcy stay, the Magistrate Judge had discretion to recommend the administrative closure of this case and properly did so.  When a case is administratively closed, the closure generally operates as "the practical equivalent of a stay."  *Quinn v. CGR*, 828 F.2d 1463, 1465 & n. 2 (10th Cir. 1987).  Indeed, the use of this mechanism was expressly recognized by the Tenth Circuit Court of Appeals in the appeal of the other case upon which Plaintiff relies for recusal in this case.  *Patterson v. Santini*, No. 15-1147, 2015 WL 7003386, at *3 (10th Cir. Nov. 12, 2015) (unpublished).  As the Tenth Circuit stated, "[u]se of the administrative-closure mechanism allows district courts 'to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending).'"  *Id.* (citation omitted).  The administratively closed case "still exists on the docket of the district court"; it "may be reopened upon request of the parties or on the court's own motion."  *Id.* (quotation marks and citation omitted).  Here, if the case had been administratively closed, the Bankruptcy Trustee's abandonment of this action would have allowed Plaintiff to reopen and continue the case.  *See Dewsnup v. Timm (In re Dewsnup),* 908 F.2d 588, 590 (10th Cir. 1990) (abandoned property is no longer part of the bankruptcy estate), *aff'd*, 502 U.S. 410 (1992).  Plaintiff's claim of bias and lack of impartiality is emasculated by this Court's determination that the Magistrate Judge's recommendation was correct.  *Fitzgerald,* 136 F. App'x at *2 n.3 (plaintiff's claim of bias is especially doubtful where the opinion on which recusal is based was affirmed on appeal).

**D. Conclusion**

Based on the foregoing, the Court **ORDERS**

(1) That Plaintiff's Unopposed Motion to Dismiss Defendant United States (ECF No. 71)

is **GRANTED**;

(2) That the United States of America is **dismissed** from this action **without prejudice**

and its name shall be removed from the caption in all future filings with the Court;

(3) That the Order and Recommendation of Magistrate Judge (ECF No. 74) is not

accepted as the recommendation is **MOOT**;

(4) That Plaintiff's Objections to Magistrate Mix's Recommendation to Administratively

Close Case (ECF No. 77) is overruled because it is **MOOT**;

(5) That Plaintiff's Motion to Recuse Magistrate Mix (ECF No. 76) is **DENIED**; and

(6) That as the Bankruptcy Trustee has abandoned this action to the debtor, Plaintiff, this

action shall proceed.

DATED this 22nd day of February, 2016.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge